# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:98-CR-50-6-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM |
| SIDNEY CARL PRATT, ) | OF DECISION |
| ) | |
| Defendant. ) | |
| ) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1. Defendant is eligible for a sentence reduction to a period of confinement equal to Time Served for the reasons set forth in the Supplement to the Presentence Report.

2. In the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) provides that the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

3. The Government asks the Court to exercise this discretion to deny Defendant based on the extent of the sentencing reduction Defendant has already received on account of his substantial

assistance to the government. At Defendant's original sentencing, the Government made a motion pursuant to U.S.S.G. § 5K1.1 and the Court imposed a sentence of 140 months, representing a 61 percent reduction from the lower end of the guideline range then applicable to him. While the extent of the Court's downward departure at Defendant's original sentencing was extraordinary and may have exceeded the Government's expectations, this is not a proper basis for denying a defendant the benefit of Amendment 706's 2-point reduction. Pursuant to Application Note 1(B) to U.S.S.G. § 1B1.10, only three factors are relevant to the determination of whether and to what extent a reduction is warranted: (i) the 18 U.S.C. § 3553(a) sentencing factors; (ii) the possible danger to the community posed by a defendant's early release; and (iii) a defendant's post-sentencing conduct. Furthermore, Application Note 3 suggests that the Court generally ought not to second guess the value assigned to the defendant's substantial assistance in his original sentencing but should grant a reduction that is "comparably less" than the amended guideline range.

4. While the Court therefore considers Defendant eligible for immediate release, the Court is somewhat more troubled by his lengthy criminal history, which appears to be related to a lifelong drug addiction, as well as his reported involvement in a fight while in custody. The Court is of the opinion that Defendant's immediate release into society without adequate post-release plans could pose unjustifiable risks to himself and the community. Therefore, the Court will reduce Defendant's sentence to Time Served plus 20 days to provide the Defendant, BOP, and Probation Office adequate time to prepare for his transition back into society.

An appropriate Order shall issue separately.

Signed: November 7, 2008

Frank D. Whitney
United States District Judge